# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT A. HORNE, ERIC RICHARDS, and VICTOR CARRELL, <br>     Plaintiffs, <br><br> v. <br><br> TEXAS DEPARTMENT OF TRANSPORTATION <br>     Defendant. | § § § § § § § § § § | Case No. 4:19-CV-405-KPJ |

## MEMORANDUM OPINION AND ORDER

On December 12, 2019, the Court was notified of multiple discovery disputes between the parties. Pursuant to the Court's December 13, 2019, Order (Dkt. 32), Plaintiffs Robert A. Horne, Eric Richards, and Victor Carrell (collectively, "Plaintiffs") submitted a letter brief regarding their discovery disputes (Dkt. 34), to which Defendant Texas Department of Transportation ("TxDOT") filed a response (Dkt. 36). TxDOT also filed a letter brief regarding its discovery disputes (Dkt. 33), to which Plaintiffs filed a response (Dkt. 35). On December 18, 2019, and continuing on December 20, 2019, the Court held a telephonic hearing regarding the disputes (the "Hearing"). *See* Docket Entries on December 18, 2019, and December 20, 2019.

### I.     DEFENDANT'S DISCOVERY DISPUTE

In its letter brief, TxDOT argues Plaintiffs' privilege log is insufficient because it "does not indicate who the witness is, how many messages occurred, or the nature of the communications in a manner that would enable TxDOT to assess the claim of privilege." Dkt. 33. TxDOT also argues that text messages are not considered work product, and therefore, the text exchanges with witnesses identified on Plaintiffs' privilege log should be produced. *See id.* Plaintiffs respond that communications by counsel with witnesses are protected work product because disclosure could disclose Plaintiffs' litigation strategy. *See* Dkt. 35.

Under Federal Rule of Civil Procedure 26(b)(5)(A), a party withholding information by claiming it is privileged or subject to protection as trial-preparation material must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). While the Rule does not "attempt to define for each case what information must be provided, . . . a privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim." *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quotations omitted).

A party may claim information is protected under the work product doctrine if it constitutes "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representation concerning the litigation." FED. R. CIV. P. 26(b)(3)(B). "The work-product doctrine provides qualified protection of documents and tangible things prepared in anticipation of litigation, including . . . memoranda of witnesses' statements." *United States v. Ocwen Loan Servicing, LLC*, 2016 WL 1031157, at *2 (E.D. Tex. March 15, 2016) (quotations omitted).

After reviewing Plaintiffs' privilege log, the Court agrees with TxDOT that the privilege log needs additional information to comply with the Federal Rules. Specifically, Plaintiffs must provide enough information to allow TxDOT to assess Plaintiffs' claims of privilege. *See* FED. R. CIV. P. 26(b)(5)(A).

While TxDOT specifically argues Plaintiffs must disclose the identities of the witnesses who sent or received text messages to Plaintiffs' counsel, the Court finds this information constitutes work product, as it tends to reveal Plaintiffs' litigation strategy. *See In re Harwood P-*

2

*G, Inc.*, 403 B.R. 445, 470 (W.D. Tex. 2009) (citing *Electronic Data Systems Corp. v. Steingraber*, 2003 WL 21653405, at *2 (E.D. Tex. July 9, 2003)). Therefore, while Plaintiffs are required to provide additional information to bring their privilege log into conformity with the Federal Rules, the Court declines to require Plaintiffs to provide names of the witnesses with whom Plaintiffs' counsel communicated.

As detailed below, the Court orders Plaintiffs to produce a revised privilege log by January 3, 2020. The Court further orders the parties to file any objections to privilege logs with the Court by January 10, 2020. If objections are filed, the parties shall be required to file responses to those objections and produce the objectionable documents for *in camera* review by January 17, 2020.

## II. PLAINTIFFS' DISCOVERY DISPUTES

Plaintiffs argue TxDOT has failed to produce responsive documents to Plaintiffs' Request for Production ("RFP") 39, 42, 43, 45, 46, 47, and 28. *See* Dkt. 34. TxDOT maintains these RFPs seek irrelevant information and are harassing to TxDOT. *See* Dkt. 36.

### A. AGREED REQUESTS FOR PRODUCTION

In their letter briefing and at the Hearing, the parties represented agreements as to RFP 43 and 45. *See* Dkt. 34. Regarding RFP 42, Plaintiffs agreed to TxDOT's production of one-hundred forty-two (142) documents potentially responsive to RFP 42.

Regarding RFP 28, the Court previously ordered TxDOT to produce documents responsive to RFP 28, for the period of July 2015, through September 2015. *See* Dkt. 28. In their letter brief, Plaintiffs claim they have not been provided with any such documents and request they be granted access to the Sulphur Springs yard to inspect a book Defendants believe contain the requested documents. *See* Dkt. 34 at 2. In response, TxDOT offered to produce the book for inspection "at a mutually agreeable time and location." *See* Dkt. 36 at 3. At the Hearing, TxDOT reversed its

position and opposed allowing Plaintiffs to conduct an onsite inspection of the book. Based on TxDOT's agreement to Plaintiffs' inspection of the book in its briefing to the Court, the Court finds that inspection of the book responsive to Plaintiffs' RFP 28, has been agreed to, and should proceed at a mutually agreeable time.

## B. REQUESTS FOR PRODUCTION CONCERNING COMPARATORS

Plaintiffs argue TxDOT has improperly withheld documents responsive to some subparts of RFP 39 and RFP 46, which Plaintiffs claim would provide relevant comparator information as to Plaintiffs' claims. *See* Dkt. 34. TxDOT argues these requests are irrelevant to Plaintiffs' claims and are overbroad in scope. *See* Dkt. 36.

In RFP 39, Plaintiffs request production of copies of "disciplinary actions issued to the following employees at any time while working for TxDOT during the period January 1, 2012 to the present" for Bobby Jennings, Bobby Graves, Chad Ingram, James Smith, Anthony McGill, and Landry McGonagill. *See* Dkt. 34-1 at 2. During the Hearing, the Court found that Plaintiffs' request was irrelevant as to Bobby Jennings, Bobby Graves, and Chad Ingram, and thus declined to require TxDOT to produce documents responsive to RFP 39, as to those individuals. Therefore, the Court will only consider the request as to James Smith, Anthony McGill, and Landry McGonagill.

"Employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Under Fifth Circuit precedent, more than two years between comparable discipline incidents is considered too remote to serve as a similarly situated employee at summary judgment stage. *See Buckhanan v. Shinseki*, 655 F.App'x 343, 350 (5th Cir. 2016). However, the standard for discoverable information is lower than that of admissible evidence. *See* FED. R. CIV.

P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). The Court finds that documents responsive to RFP 39, as to James Smith, Anthony McGill, and Landry McGonagill are potentially relevant as comparator evidence; however, the time period requested is overbroad.[1] Therefore, the Court orders TxDOT to produce responsive documents as to James Smith, Anthony McGill, and Landry McGonagill for the time period of February 17, 2015, through February 17, 2019 (two years before and after the alleged adverse employment action).

In RFP 46, Plaintiffs request documents "showing evidence of damages caused by or resulting from or during" specific, enumerated incidents, along with any investigation report and disciplinary actions issued as a result of those instances. *See* Dkt. 34-1 at 4. Plaintiffs argue this information is relevant because Eric Richards was disciplined for causing minor damage to TxDOT property, and the requested evidence could show disparate treatment. *See* Dkt. 34 at 2. TxDOT alleges that all incidents listed in RFP 46, involved preventable incidents, and none of the Plaintiffs were ever disciplined for preventable incidents. *See* Dkt. 36 at 2. As previously discussed, Plaintiffs have articulated a specific reason for seeking the requested information for each incident listed in RFP 46. However, because some of the incidents identified occurred more than two years after TxDOT allegedly took adverse employment action against Plaintiffs, these instances cannot be proper comparators. *See Buckhanan*, 655 F.App'x at 350. Therefore, the Court will require TxDOT to produce responsive documents to the incident that occurred within the time period of February 17, 2015, through February 17, 2019, which is two years before and after the

---

[1] While TxDOT argues Plaintiffs are conducting an "impermissible fishing expedition," the Court notes that Plaintiffs have specifically identified individuals for whom they seek disciplinary histories, as opposed to broadly seeking such information from all employees. Further, Plaintiffs articulated a specific reason for seeking such information regarding individuals identified in RFP 39. Therefore, the Court does not consider such request to be a "fishing expedition."

5

alleged adverse employment action.

### III.     ATTORNEYS EYES ONLY DESIGNATION

In its November 27, 2019, Order, the Court ordered TxDOT to produce two recorded interviews under the "Attorneys Eyes Only" designation. See Dkt. 28. Plaintiffs argue the "Attorneys Eyes Only" designation should be removed because there is no legitimate basis for such designation. *See* Dkt. 34. TxDOT argues the tapes were made in a confidential setting and the information should not be viewed by Plaintiffs, particularly considering Robert A. Horne's testimony that he wished to "destroy" the careers of some of his co-workers. *See* Dkt. 36. During the Hearing on December 18, 2019, the Court ordered TxDOT to produce the two audio tapes for *in camera* review. Upon review of the tapes, the Court finds the "Attorneys Eyes Only" designation is not warranted; however, a protective order is warranted.

Under Federal Rule of Civil Procedure 26(c), a court may enter a protective order for good cause to protect a party from, among other things, revealing certain commercially sensitive information. *See* FED. R. CIV. P. 26(c)(1)(G). "The court enjoys broad discretion in entering and modifying any such order." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008). If good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection. *United States v. Homeward Residential, Inc.*, No. 4:12-cv461, 2016 WL 279543, at *4 (E.D. Tex. Jan. 22, 2016).

Because of the subject matter discussed in the audio tapes, as well as the confidential designation under which such interviews were conducted, the Court will allow TxDOT until January 3, 2020, to seek a protective order to govern the production of these two tapes, as detailed below. On January 6, 2020, the Court will order that the "Attorneys Eyes Only" designation be

removed from the two audio tapes.

## IV. DEPOSITIONS

In their letter brief, Plaintiffs argue TxDOT has made improper objections to their corporate representative topics. *See* Dkt. 34 at 3. Plaintiffs further argue TxDOT is not cooperating in scheduling depositions. *See id*. TxDOT responds that Plaintiffs' corporate representative topics are too broad, and TxDOT's counsel is unavailable for all of Plaintiffs' requested dates. *See* Dkt. 36 at 4.

### A. CORPORATE REPRESENTATIVE DEPOSITION TOPICS

TxDOT argues Plaintiffs' corporate representative Topics 1, 2, 5, 6, and 7, are inappropriate because they are an attempt to obtain additional deposition time for representative Hostetler, a TxDOT corporate representative for certain topics. *See* Dkt. 36 at 5. As stated at the Hearing, the Court finds that Plaintiffs are entitled to corporate depositions even if they have already deposed the designated corporate representative as a fact witness. Considering that some witnesses might be deposed twice, once as a fact witness and again as a corporate representative, the parties indicated to the Court that they would reach an agreement as to the length of the corporate representative depositions.

During the Hearing, the Court instructed TxDOT that it must provide a corporate representative to testify to "all disciplinary actions that TxDOT has taken against members of management in the Paris District" as requested in Topic 1, as opposed to only those in Plaintiffs' chain of command. *See* Dkt. 34-5.

In Topic 2, Plaintiffs requested TxDOT designate a corporate representative to testify to "facts and circumstances related to all complaints by TxDOT employees against Clint Traylor during his employment at TxDOT." *See* Dkt. 34-5. At the Hearing, TxDOT voiced concern

7

regarding the breadth of the term "complaint." After further discussion, Plaintiffs represented to the Court they would narrow the definition of "complaint" so as not to be overly broad.

TxDOT argues that Topics 6 and 7, investigations into allegations of false statements and disciplinary actions issued for making false statements or unprofessional and disruptive behavior, are overly broad. *See* Dkt. 36 at 5. As the Court stated at the Hearing, the Court finds these topics are not overly broad, as the terms "investigations" and "disciplinary actions" are sufficiently defined, an are relevant to the claims asserted by Plaintiffs.

Finally, as to all corporate representative topics, TxDOT argues that facts and information regarding "discrimination" should be limited to discrimination against Native American or Hispanic individuals. As stated at the Hearing, the Court finds this is not a proper limitation.

## B. DEPOSITION SCHEDULING

Plaintiffs argue TxDOT did not provide contact information for two former members of management whom Plaintiffs seek to depose. During the Hearing, TxDOT responded that it will coordinate one such deposition, as TxDOT intends to represent that individual, and TxDOT has given Plaintiffs' counsel contact information for the person TxDOT will not represent.

As discussed at the Hearing, the Court recognizes there may not be sufficient time to conduct all outstanding depositions prior to the expiration of the current discovery deadline of January 16, 2020. *See* Dkt. 20. Therefore, as detailed below, the Court will extend the parties' discovery and dispositive motion deadlines by two weeks to afford the parties sufficient time for depositions.[2]

---

[2] During the Hearing, TxDOT's counsel agreed to send Plaintiffs' counsel a list of all persons designated to testify regarding Plaintiffs' corporate representative Topics, as well as such corporate representatives' current locations, by December 20, 2019. Plaintiffs' counsel further agreed to provide TxDOT's counsel with the order in which Plaintiffs seek to schedule the remaining depositions by December 20, 2019. To the extent the parties have not already done so, the Court orders the parties to comply with this agreement.

## V. CONCLUSION

As discussed above and at the Hearing, the Court hereby orders the following:

**IT IS HEREBY ORDERED** that Plaintiffs shall revise their privilege log such that it is fully compliant with Federal Rule of Civil Procedure 26(b)(5), and produce the revised log to TxDOT **by Friday, January 3, 2020**. Plaintiffs are not required to disclose the names of the witnesses whose communications with Plaintiffs' counsel are claimed as privileged.

**IT IS FURTHER ORDERED** that each party shall file any objections to the other party's privilege log, if any, **by Friday, January 10, 2020**. If objections are filed, the parties shall file responses to the objections and produce the objectionable documents for *in camera* review **by Friday, January 17, 2020.**

**IT IS FURTHERED ORDERED** that TxDOT shall produce documents requested in Plaintiffs' Request for Production 42, no later than **January 10, 2020**.

**IT IS FURTHER ORDERED** that TxDOT shall produce documents requested in Plaintiffs' Request for Production 28, for an onsite inspection at a mutually agreeable time, but no later than **January 17, 2020**.

**IT IS FURTHER ORDERED** that TxDOT shall produce documents requested in Plaintiffs' Request for Production 39, as to James Smith, Anthony McGill, and Landry McGonagill for the time period of February 17, 2015, through February 17, 2019, no later than **January 10, 2020**.

**IT IS FURTHER ORDERED** that TxDOT shall produce documents requested in Plaintiffs' Request for Production 46 only for the "[d]amage to the sign truck in or around August 2018 while Anthony McGill and Landry McGonagill were in the vehicle" no later than **January 10, 2020.**

**IT IS FURTHER ORDERED** that the two audio tapes designated "Attorneys Eyes Only" shall remain so designated **until January 3, 2020**. TxDOT may file a motion with the Court seeking a protective order for the two tapes before January 3, 2020, after which the "Attorneys Eyes Only" designation shall be removed.

**IT IS FURTHER ORDERED** that TxDOT shall designate corporate representatives to testify to Plaintiffs' Topics 1 through 16. The parties are directed to confer as to limit the definition of "complaint" in Topic 2, and the time limitations for corporate depositions, as agreed to at the Hearing.

**IT IS FURTHER ORDERED** that the parties' discovery deadline is extended until **January 30, 2020**.

**IT IS FURTHER ORDERED** that the parties' dispositive motion deadline is extended until **February 6, 2020**.

The parties are directed to contact the Court if additional time is needed to complete discovery.

**So ORDERED and SIGNED this 26th day of December, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE